UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                  Plaintiff,

v.

Mustafa Hassan Mussa,

                  Defendant,

and

Universal Medical Services Inc., d/b/a Axis Medical Center,

                  Garnishee.

Case No. 15-cv-2047 (PJS/TNL)

**REPORT & RECOMMENDATION**

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Application for Writ of Pre-Judgment Garnishment (ECF No. 4) ("Application"). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Based on all the files, records and proceedings, and for the reasons set forth below, this Court will recommend that the Application be granted.

I.     BACKGROUND

    A. Factual History

This matter arises out of Plaintiff's monetary claim against Defendant Mussa for over $1.9 million for the alleged submission of false claims for Medicaid services. (*See* Compl., ECF No. 1.) Plaintiff alleges that Mussa: (1) knowingly presented or caused to be presented false or fraudulent claims for payment or approval; (2) knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit

1

money or property to the government by retaining and failing to return sums received in payment for the false claims alleged; (3) was unjustly enriched by directly or indirectly obtaining government funds to which he was not entitled; and (4) received from the Plaintiff payments by mistake, all in violation of the False Claims Act, 31 U.S.C. §§ 36729-33. *Id.*

A summons was issued as to Mussa on April 17, 2015, the same day Plaintiff filed the Complaint. (ECF No. 3.) On April 20, 2015, Plaintiff filed the instant Application and an affidavit in support of its application (ECF No. 5) ("Affidavit"). In the Affidavit, FBI Special Agent J. Matthew Snell asserts that Mussa has recently completed serving a term of imprisonment "as a consequence of [his] plea to Identity Theft in connection with the submission of millions of dollars in claims to Medicaid for services not rendered." Affidavit at 1. Special Agent Snell calculates that, in connection with the criminal case against Mussa, "Universal Home Health Care was paid approximately $1.9 million as a consequence of the submission of claims for services not rendered to Medicaid." *Id.* at 2. Special Agent Snell also learned that Mussa transferred "substantial sums" from Universal Home Health Care—a company that Mussa managed—to Universal Medical Services Inc., d/b/a Axis Medical ("Axis"), a non-profit corporation providing medical services to the poor. *Id.* Special Agent Snell also asserts that, "[o]n March 19, 2015, a Hennepin County jury returned a verdict in favor of [Mussa] for $115,049.31,

representing damages arising out of a loan contract between [Mussa] and" Axis. *Id.*[1] Special Agent Snell asserts that Mussa has no means of support or assets other than the proceeds of the judgment. *Id.* at 3.

Relying on the assertions in the Affidavit, Plaintiff now seeks an order providing that it be allowed to garnish the amount of the judgment, $115,049.31, to be held by Axis pending the outcome of this action.

### B. Procedural History

Plaintiff filed the Application and the Affidavit on April 20, 2015. On May 14, 2014, this Court issued a Prejudgment Writ of Garnishment (ECF No. 6) ("Prejudgment Writ") ordering Axis to retain and keep any property in which Mussa has an interest and for which Axis is or may become indebted to Mussa pending further order of the Court.

On June 3, 2015, Plaintiff filed an acknowledgement of service showing that Axis, the garnishee, had accepted service of the Prejudgment Writ. (ECF No. 7.) On June 11, 2015, this Court issued an Order requiring Axis to file an answer to the Prejudgment Writ within 10 days. *Id.* Axis filed a notarized answer on June 23, 2015. (ECF No. 10.) In its answer, Axis asserted that it had delivered a copy of its answer to Mussa "by emailing a copy to his attorney, Daniel L.M. Kennedy." *Id.* at 3. Mussa has not appeared in this action, and no response on his behalf to the Complaint, the Prejudgment Writ, or Axis's Answer has been filed by counsel purporting to represent Mussa.

---

[1] The underlying case in Minnesota state court giving rise to this judgment is *Mussa v. Untiversal Medical Services, Inc. d/b/a/ Axis Medical Center*, No. 27-CV-14-2336 (Hennepin County Dist. Ct.).

## II. ANALYSIS

### A. Standard for Pre-Judgment Garnishment

Federal law provides, "The United States may, in a proceeding in conjunction with the complaint or at any time after the filing of a civil action on a claim for a debt, make application under oath to a court to issue any prejudgment remedy." 28 U.S.C. § 3101(a). A court may order prejudgment remedy where the United States shows reasonable cause to believe that any one of five grounds exists and the application includes an affidavit "establishing with particularity to the court's satisfaction facts supporting the probable validity of the claim for a debt and the right of the United States to recover what is demanded in the application." *Id.* §§ 3101(b)), (c)(1). The accompanying affidavit must state the specific amount of the claimed debt to the United States (including interests or costs attributable to the debt), one or more of the five grounds specified in subsection (b), and any other applicable statutory requirements. *Id.* § 3101(c)(2). If a court determines that the above requirements are satisfied, "the court shall issue all process sufficient to put into effect the prejudgment remedy sought." *Id.* § 3101(e). Where the requirements of § 3101 are satisfied, a court can issue a writ of garnishment against a debtor's property that is in the possession, custody, or control of a person other than the debtor. *Id.* § 3104.

### B. Plaintiff Has Satisfied Statutory Requirements of § 3101

Plaintiff asserts that it "has reasonable cause to believe that [Mussa] has or is about to assign, dispose, remove, or conceal, property with the effect of hindering, delaying or defrauding the United States, and has or is about to convert the property into

4

money or in a manner prejudicial to the United States with the effect of hindering, delaying, or defrauding the United States . . . ." Application at 1-2.

As required by § 3101(c), Plaintiff supported its Application with the Affidavit. In the Affidavit, Special Agent Snell asserts that Mussa obtained a judgment against Axis for over $115,000. Special Agent Snell also asserts that, by his calculations, Axis was paid approximately $1.9 million in allegedly fraudulent Medicaid claims.[2] During Special Agent Snell's investigation, he learned that Mussa had transferred substantial sums of money from Universal to Axis. Moreover, Mussa had no source of income other than Axis at the time of the transfer. Special Agent Snell asserts that, "[g]iven the fact that [Mussa] . . . has no known means of support or assets other than the proceeds of the judgment, [Plaintiff] anticipates immediate levy on the funds of Axis by [Mussa] to satisfy the judgment," and "[g]iven [Mussa's] past history of fraud, and his criminal record, it is likely that [Mussa] will assign, dispose, remove, or conceal" any money obtained in satisfaction of the judgment "with the effect of hindering, delaying or defrauding" Plaintiff. Affidavit at 3.

Based on the foregoing, the Court determines that Plaintiff has demonstrated reasonable cause to believe that Mussa "has or is about to assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding" Plaintiff. 28 U.S.C. § 3101(b)(1)(B). This Court finds Mussa's admitted

---

[2] The Application reads. "Defendant Mustafa Mussa is indebted to the United States in at least the amount of $1.9 million, as a result of the submission of false claims for Medicaid-reimbursable services, as more fully set forth in the Complaint filed in conjunction with this Application, and as set forth in the affidavit and exhibits filed in support of this application." Application at 1. The Court reads the Application as incorporating by reference all allegations contained in the Complaint and notes that the alleged debt (more than $1.9 million) is well in excess of the amount Plaintiff seeks to garnish (approximately $115,000).

history of fraud combined with his apparent lack of any source of income particularly persuasive. As a result of this determination, this Court "shall issue all process sufficient to put into effect the prejudgment remedy sought." *Id.* § 3101(e). Accordingly, this Court will recommend that the Application be granted.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Application for Writ of Prejudgment Garnishment (ECF No. 4) be **GRANTED.**

Date: August 17, 2015

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Mussa et al.*
File No. 15-cv-2047 (PJS/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of appeals. Written objections must be filed with the Court on or before **September 8, 2015**. Responses from the Government to any objection to this Report and Recommendation must be filed with the Court on or before **September 22, 2015.**